IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SONIA QUINTANA, )
)
Plaintiff, )
)
v. ) No. 05 C 1568
)
MICHAEL ASTRUE, Commissioner )
of Social Security, )
)
Defendant. )

## OPINION AND ORDER

Plaintiff Sonia Quintana moves for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.[1] The EAJA provides that attorney fees may be awarded where: (1) the claimant was a "prevailing party;" (2) the government's position was not "substantially justified;" (3) no special circumstances make an award unjust; and (4) the claimant filed a timely and complete application. 28 U.S.C. § 2412(d)(1)(A); Stewart v. Astrue, 561 F.3d 679, 683 (7th Cir. 2009); Cunningham v. Barnhart, 440 F.3d 862, 863 (7th Cir. 2006). The Commissioner only disputes that plaintiff meets the second prong. In order for the Commissioner's position to be substantially justified,

---

[1] Michael Astrue, the current Commissioner of Social Security, will be substituted in for defendant JoAnne Barnhart. See Fed. R. Civ. P. 25(d).

it must have reasonable factual and legal bases, and a reasonable connection must exist between the facts and his legal theory. Pierce v. Underwood, 487 U.S. 552, 565 (1988); Stewart, 561 F.3d at 683; Cunningham, 440 F.3d at 864. The reasonableness of both the Commissioner's prelitigation and litigation conduct is considered, with one determination being made for the case as a whole. Stewart, 561 F.3d at 683. The government's position must be viewed as a whole; not just the particular issue on which the plaintiff succeeded. Id. at 683-84. The Commissioner bears the burden of proving that his position was substantially justified. Id. at 683; Cunningham, 440 F.3d at 864.

Plaintiff applied for social security disability benefits. An Administrative Law Judge ("ALJ") found that plaintiff had severe impairments of hypothyroidism, ligamentous laxity, lower back pain, obesity, carpel tunnel syndrome, and fibromyalgia. The ALJ found that any depression plaintiff had did not rise to the level of a severe impairment. It was further found that plaintiff could perform most aspects of light work. In making that finding, the ALJ rejected some of plaintiff's subjective testimony as noncredible and certain findings of a treating physician as inconsistent with or unsupported by the medical evidence. The ALJ determined that plaintiff could perform her past work as a small products assembler.

Alternatively, the ALJ found, based on the testimony of a vocational expert ("VE"),[2] that plaintiff could perform other work in the economy. The Appeals Council denied review and plaintiff thereafter filed the present action.

In the October 27, 2006 Order [39] granting a remand ("Remand Ruling"), the contentions raised by the parties were summarized as follows:

> Based on the administrative record, plaintiff moved for summary judgment. As to some issues that she raises, plaintiff contends that she is entitled to an order directing that she be awarded benefits. As to other issues, she only contends that she would be entitled to a remand for further consideration. Plaintiff argues that the ALJ's finding that she could perform light work is not supported by substantial evidence, contending that the ALJ improperly rejected the opinion of plaintiff's treating physician, improperly relied on insufficient testimony of the VE, and improperly rejected aspects of plaintiff's testimony as not credible. Plaintiff also contends that the ALJ improperly failed to conduct a mental residual functional capacity analysis based on evidence of plaintiff's depression and anxiety and failed to adequately consider plaintiff's obesity in combination with her other impairments. In making each of these arguments, plaintiff directly or indirectly relies on additional medical evidence that was presented to the Appeals Council, but not to the ALJ. Defendant cross moved for summary judgment, contending the ALJ's findings are supported by substantial evidence. In her response to plaintiff, defendant repeatedly asserts that relying on the additional evidence to support the

---

[2]Plaintiff objected to the VE's testimony.

> summary judgment motion is improper in
> that such evidence was not before the
> ALJ.  Along with her reply, plaintiff
> filed a motion pursuant to sentence six
> of 42 U.S.C. § 405(g) requesting that
> the case be remanded to the ALJ for
> consideration of the additional evidence.

Remand Ruling at 3-4 (footnotes omitted).

There were two sets of new evidence. One set consisted
of two reports of a neurologist supporting that plaintiff had
carpel tunnel syndrome. The other set consisted of pre- and
post-operative reports related to plaintiff's April 2004 knee
surgery.

The knee surgery occurred shortly before the ALJ issued
his ruling. Defendant's argument that the knee surgery reports
were not new evidence was rejected. The reports did not even
exist in written form until after the ALJ's ruling and plaintiff
could not be expected to have requested and submitted the pre-
surgery MRI and x-ray immediately and separately from the
post-surgery report. See Remand Ruling at 8-9. As to the
materiality of the knee surgery reports, it was held:

> Defendant contends the knee surgery is not
> material because it was for a January 2004 injury
> that was rehabilitated within a few months,
> whereas the focus of the ALJ's decision was on
> 2003 and earlier. Defendant ignores that
> plaintiff reported that the January 2004 fall
> aggravated preexisting knee pain from incidents
> that occurred in 2003 and 2002. The record
> already contained at least one medical report
> referencing one of the earlier incidents, R. 211,
> and plaintiff testified at the hearing that she

- 4 -

had right knee pain, R. 329. The April 2004
surgery report provided objective medical
evidence of a problem with plaintiff's right
knee. Although plaintiff identified three
incidents (including two in the pertinent time
period) that she believed contributed to the
knee problem, the additional evidence does not
establish how long any of the problems that
were found had actually existed. If it were
established that the tear, chondromalacia, and/or
malalignment existed during the pertinent time
period, the ALJ may have given more credence to
plaintiff's testimony regarding her pain and
limitations on standing and walking. Also,
the fact that surgery was required to treat
plaintiff's knee would have, at least partially,
alleviated the ALJ's concern that plaintiff's
testimony was not credible because none of her
complaints had required anything but routine
or conservative treatments. . . . When the
problems revealed during surgery first existed
would be for the ALJ to determine. Plaintiff's
statements regarding a 2002 automobile accident
and 2003 fall and any related effects or medical
documents are considerations. See SSR 83-20,
1983 WL 31249 *2-3 (1983). Or the ALJ may
request the assistance of a medical advisor in
determining the date of onset of the conditions.
See id. at *3. While there is presently no
direct medical evidence establishing how long
the conditions existed nor detailed testimony
about the prior knee incidents, plaintiff's
statement about the prior incidents supports a
reasonable probability that the ALJ would find
that some or all of the conditions in her right
knee existed in 2002 and/or 2003. There is also
a reasonable probability that this evidence would
change the ALJ's view of plaintiff's credibility.

Remand Ruling at 11-13 (footnote omitted).

Regarding the carpel tunnel reports, it was indicated

that they were likely insufficient by themselves to require a

- 5 -

remand, but should be considered along with the other evidence on remand. See id. at 13-14.

Because the new evidence otherwise required a remand and since the other contentions would be viewed differently in light of the new evidence, it was unnecessary to resolve most of plaintiff's other contentions. It was noted, though, that it would be "prudent and efficient" on remand for the ALJ to expressly address certain issues raised by plaintiff in her lawsuit so as to possibly avoid a need to again litigate those issues. See id. at 15-16. Noting those issues was not tantamount to holding that they would have required a remand absent the new evidence remand. Because the new evidence did not relate to plaintiff's arguments regarding evidence of depression, plaintiff's arguments regarding depression and a need for a mental residual functional capacity analysis were considered and rejected. See id. at 16-18.

On remand, the ALJ found that plaintiff was limited to sedentary work, she could not perform her past relevant work, and plaintiff could not perform other available work in the economy. Benefits were awarded based on a disability date of November 14, 2001. No further appeals were taken.

Plaintiff relies on the opposition to remanding for consideration of the new evidence as not being substantially

justified.[3] As noted by defendant and supported by the decision of the ALJ on remand, the additional knee surgery reports were not central to the ALJ's decision granting benefits as of 2001. Plaintiff also submitted other new evidence that the ALJ relied upon. In any event, although rejected, it was not unreasonable to argue that the reports were not material. As discussed in the Remand Ruling, the post-surgery report did not by itself establish an onset date for plaintiff's knee condition. The report had to be considered along with other evidence and a medical advisor's assistance was likely necessary for determining an onset date. While it was held that the evidence was sufficient to require further inquiry, the evidence was not so strong that defendant's argument to the contrary was not substantially justified.

Since none of defendant's positions lacked substantial justification, it cannot be found that, overall, defendant's position was not substantially justified. Plaintiff's motion for an EAJA award will be denied.

IT IS THEREFORE ORDERED that Michael Astrue is

---

[3]Plaintiff also makes reference to the other issues that the Remand Ruling, at 15-16, strongly suggested should have been expressly addressed on remand. As, already noted, that suggestion was not a ruling that the issues raised by plaintiff in this case were meritorious; it was a pragmatic suggestion in light of the case otherwise being remanded. Plaintiff does not sufficiently raise that defendant's opposition on those issues was not substantially justified.

substituted for defendant JoAnne Barnhart and the Clerk of the
Court is directed to amend the docket accordingly. Plaintiff's
motion for attorney fees under the EAJA [45] is denied.

ENTER:

UNITED STATES DISTRICT JUDGE

DATED: JUNE 18 , 2009

- 8 -